UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY J. HUDSON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 11-0657 (BAH) |
| CRAIG APKER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

In this *habeas corpus* action transferred from the United States District Court for the District of Arizona, the Petitioner, proceeding *pro se*, challenges his conviction entered by the Superior Court of the District of Columbia. For the following reasons, the Court finds that it lacks jurisdiction over the petition and, thus, will dismiss the case.

**I. BACKGROUND**

Confined at the United States Penitentiary in Tucson, Arizona, the Petitioner is serving a prison sentence of 112 years to life imposed by the Superior Court on March 23, 1988. Petition for Writ of Habeas Corpus ("Pet.") [Dkt. # 1] at 1. The Petitioner claims that he "has filed numerous petitions, applications, and motions for relief with respect to the sentence and convictions, in the State and Federal Courts." *Id*. ¶ 9. On February 7, 2011, the Petitioner filed the instant habeas petition in the District of Arizona, which construed the petition as brought under 28 U.S.C. § 2254 and transferred it to this Court. *See* Order [Dkt. # 5]. As grounds for relief, the Petitioner claims that the Superior Court "lack[ed] subject matter jurisdiction" over the criminal case, Pet. at 3, and that he was deprived of a fair trial in violation of the due process and equal protection clauses of the Constitution. *Id*. at 3-7.

## II.  DISCUSSION

Unlike prisoners convicted in state courts or those convicted in a United States District Court, "a District of Columbia prisoner has no recourse to a federal judicial forum [under either § 2254 or § 2255] unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").  It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110.  *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998).  Under that local statute, a District of Columbia prisoner may move to vacate, set aside, or correct his sentence on grounds, among others, that "(1) the sentence was imposed in violation of the Constitution . . . [and] (2) the court was without jurisdiction to impose the sentence[.]"  D.C. Code § 23-110(a).  The statute further provides that

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  "Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see id.* at 999 (concluding that this Court could review a "federal habeas petition asserting

2

ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals" because such a claim is not available via a § 23-110 motion).

The Petitioner acknowledges that the grounds asserted in the instant petition have been addressed by the local courts on multiple occasions. *See* Pet. ¶¶ 9-10; Appendix in Supp. of Pet. for Writ of Habeas Corpus [Dkt. # 1-2], Superior Court Order of July 14, 2009 (observing that the Petitioner "has filed at least eleven previous pro se motions for a new trial or to vacate his sentence, most of which were analyzed under § 23-110," and denied). His lack of success in the District of Columbia courts -- which appears to be his only reason for petitioning the federal court -- does not render the local remedy under § 23-110 inadequate or ineffective. *See Garris*, 794 F.2d at 727 ("[M]ere lack of success on [direct] appeal does not pave the way for collateral attack.") (footnote and citations omitted); *Bruton v. Ashcroft*, 48 Fed. Appx. 336 (D.C. Cir. 2002) ("The [28 U.S.C.] § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied.") (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases)); *Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

For the foregoing reasons, the Court concludes that it lacks authority to entertain the habeas petition and, therefore, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
United States District Judge

DATE: April 18, 2011